

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARA L. CREECH,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>    Defendant - Appellee. | No. 14-35499<br><br>D.C. No. 1:13-cv-00072-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 4, 2015[**]

Before: LEAVY, GRABER, and OWENS, Circuit Judges.

  Plaintiff Sarah L. Creech appeals from the district court's judgment

affirming the denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we may set

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

aside a denial of benefits only if it is not supported by substantial evidence or rests on legal error. Ghanim v. Colvin, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

1. Substantial evidence supports the determination of the administrative law judge ("ALJ") that Plaintiff's depression and anxiety are not severe impairments. The report of the licensed clinical psychologist supports that finding. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (holding that an ALJ may give more weight to the opinion of a specialist than to the opinion of non-specialists about issues related to the relevant specialty). The ALJ properly accounted for Plaintiff's mental limitations in the residual functional capacity analysis, which included a finding that Plaintiff could not perform work requiring constant focus.

2. The ALJ permissibly discounted the contradicted opinion of Dr. Nichols, Plaintiff's treating physician, by providing specific and legitimate reasons, supported by substantial evidence. See Ghanim, 763 F.3d at 1161 (stating standard for rejecting contradicted opinion of treating physician). The ALJ noted that Dr. Nichols' opinion was not supported by other medical evidence, especially the physical consultative examiner's report finding that Plaintiff had a wide range of pain-free motion.

3. The ALJ permissibly declined to credit Plaintiff's testimony concerning the extent of her physical limitations by offering specific, clear, and convincing reasons for finding her not fully credible. See Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014) (stating standard). The ALJ gave two reasons: that the medical findings were inconsistent with the claimed limitations (lying in bed all day, every day, since the 2007 surgery) and that Plaintiff's daily activities suggested greater physical capacity. Both grounds are supported by the record.

Dr. Mitgang found that Plaintiff had a wide range of pain-free movement. She got on and off the examining table "with ease, rapidly"; could easily squat, rise, and walk rapidly on heels and toes; and showed no back, hip, or leg pain with various tests. Dr. Mitgang found Plaintiff's objective condition "unimpressive" and inconsistent with her "very severe complaints."

Plaintiff testified that she sometimes drives her children to school, cooks and does household chores, goes up and down the stairs in her house, shops for groceries, sweeps, "picks up stuff," mops, and vacuums. She testified that she can lift five pounds, can sometimes walk around (such as at the grocery store) for up to 45 minutes, and has no difficulty with stooping, crouching, or similar motions. The daily activities alone would not support the ALJ's finding, because the record does not show that Plaintiff could "spend a substantial part" of her day engaged in those pursuits, Ghanim, 763 F.3d at 1165, but combined with the physicians'

3

objective observations and findings, the daily activities support the ALJ's ultimate conclusion.

**AFFIRMED**.